# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heriberto F Catarino,<br><br>    Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-16-00012-TUC-RM (DTF)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Heriberto F. Catarino (Petitioner), presently incarcerated at the Arizona State Prison Complex – Eyman Cook Unit, in Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Petition). Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. As more fully explained below, the Magistrate Judge **recommends** that the District Court, after its independent review of the record, **dismiss** the Petition.

**Factual and Procedural Background**

<u>The Indictment and Plea</u>

On October 17, 2013, a Cochise County grand jury indicted Petitioner on thirteen counts of sexual conduct with a minor, two counts of domestic violence assault, one count of domestic violence/aggravated assault, and one count of domestic violence/criminal damage. (Doc. 17 at Ex. A.) Petitioner was accused of sexually abusing his 12-year-old stepdaughter on multiple occasions over the

course of a year and a half. (Doc. 17 at Ex. H at pp. 4-6.) When Petitioner's wife discovered the abuse, they engaged in a physical fight and Petitioner tried to choke her. (*Id.*) A neighbor heard the fight and contacted the police. (*Id.*)

On March 4, 2014, Petitioner, represented by appointed counsel, pled guilty to three counts in exchange for dismissal of the remaining counts against him. (*Id.* at Ex. G at pp. 24, 39 and Ex. E.) Just before the change-of-plea hearing, the trial court pointed out an issue with Petitioner pleading guilty to the plea as it was drafted. (*Id.* at Ex. G at pp. 8-9.) To resolve the issue it was agreed that count 1 of the plea agreement would be substituted for a different count of the indictment so that Petitioner would be pleading guilty to a count of the indictment that charged him with committing acts against a victim who was under 12 years of age[1] (as the parties' had intended Petitioner to so plead). (*Id.* at p. 11.) A recess was taken in order to give defense counsel an opportunity to explain the change to Petitioner. (*Id.* at p. 9.) Before taking the recess, the trial court stated on the record that the change would

> not change the agreement at all. The amount of time, the consequences will be the same. However, count 1 of the plea agreement will be a different count [of the indictment].

(*Id.* at pp. 9-10.)

After the recess, the trial court conducted a plea colloquy with Petitioner. (*Id.* at pp. 11-35.) In response to direct questioning by the trial court Petitioner represented that he read and understood the agreement, signed the agreement, and initialed each paragraph of the agreement. (Doc. 17 at Ex. G at pp. 14-16.) Regarding the changes that had been made to the first page of the plea agreement and that had been discussed during the recess, Petitioner was specifically examined by the trial court as to whether he had initialed the changes and Petitioner represented "Yes." (*Id.* at p. 15.) Petitioner confirmed for the trial court that he

---

[1] (in violation of A.R.S. § 13-705(B))

- 2 -

understood the charges he was pleading guilty to and the sentencing range, including that he would receive a 27-year sentence for count 1, lifetime probation for count 2, and a 2.5-year sentence for count 3. (*Id*. at pp. 16-24.) Petitioner also confirmed to the court that he understood that his 27-year sentence would be a "calendar year sentence," and that he "would have to serve that sentence day-for-day." (*Id*.) The trial court repeated that Petitioner's sentence under the plea is a day-for-day sentence. (*Id*. at p. 17.)

The transcript from the change-of-plea hearing reflects that the trial court read each count of the amended plea agreement and, after each count, asked Petitioner how he wanted to plead. (*Id*. at pp. 32-33.) Petitioner responded "Guilty." (*Id*.) After the factual basis for the plea was presented, the trial court asked whether either counsel had any concerns about the voluntariness of the plea. (*Id*. at pp. 34-37.) Hearing no voluntariness concerns, the trial court found that Petitioner "knowingly, intelligently, and voluntarily offer[ed] his pleas of guilty to the three crimes set forth in the plea agreement presented to the court on this date." (*Id*. at Ex. G at p. 38.) On March 31, 2014, Petitioner was sentenced in accordance with the sentence agreed to in the plea agreement: 27-years' imprisonment for count 1, lifetime probation for count 2, and 2.5-years' imprisonment for count 3. (*Id*. at Ex. J; K at pp. 43-47.)

<u>Initial PCR Proceedings</u>

Petitioner timely commenced his "of-right" post-conviction relief (PCR) proceeding by filing a notice of PCR. (*Id*. at Ex. M.) His court appointed counsel filed a notice stating that she was unable to find any colorable claims to raise and requested additional time for Petitioner to file a *pro se* petition. (Doc. 17 at Ex. O, P.) Petitioner timely filed a *pro se* petition raising two issues. Petitioner first argued that he was deprived of his right to present mitigating evidence at sentencing. His second issue alleged that the trial court breached the plea agreement by failing to mention any aggravating factors during sentencing that

would justify the aggravated sentence (27 years). (*Id.* at Ex. Q.) The trial court rejected Petitioner's first issue but agreed with Petitioner on his second issue. (*Id.* at Ex. R.) The trial court agreed that Petitioner was entitled to a resentencing on count 1, but determined that there was no need for an evidentiary hearing because "the facts necessary to decide the issues raised" were already "clearly set forth in the record." (*Id.* at p. 2.)

Prior to his resentencing, Petitioner filed a motion for reconsideration arguing that the trial court could not impose an aggravated sentence unless the jury found aggravating circumstances or he waived his right to require the jury to make such findings. (*Id.* at Ex. V.) Petitioner also raised three arguments in his motion for reconsideration: (1) counsel was ineffective for failing to bring the issue to the court's attention; (2) counsel was ineffective for causing "the error contained in count 1 concerning the state omitting A.R.S. § 13-702"; and (3) counsel was ineffective for permitting the superior court to participate in plea negotiations. (*Id.* at p. 8.)

Petitioner was heard on his motion for reconsideration at his resentencing. (*Id.* at Ex. X at pp. 4-5.) The trial court rejected his arguments, explaining that he (Petitioner) had agreed to the 27-year sentence in the plea agreement and the only error made by the trial court at his original sentencing was its failure to state the aggravating factors on the record. (*Id.* at pp. 5-6.) The trial court noted that the emotional harm to the victim had been "clearly and beyond any doubt" established by the evidence presented at the original sentencing hearing. (*Id.* at pp. 6-7.) Petitioner's 27-year sentence was confirmed and his motion for reconsideration was denied. (Doc. 17 at Ex. W at pp. 1-2.)

<u>Petition for Review in the Arizona Court of Appeals</u>

After his resentencing, Petitioner timely filed a petition for review in the Arizona Court of Appeals raising five (5) issues: (1) his sentence was in violation of the U.S. Constitution and the State of Arizona and "exceeded the maximum

- 4 -

authorized by law"; (2) his alleged confession was "attained (*sic*) in violation of the 6th Amendment right to counsel…"; (3) his right to due process was violated during plea negotiations by "[j]udicial participation"; (4) "[i]neffective assistance of counsel"; and (5) he was sentenced to multiple counts of sexual conduct with a minor and "the statute is unconstitutionally ambiguous." (*Id*. at Ex. Z at p. 2.)

The court of appeals granted review but denied relief holding that Petitioner failed to appeal the issue that he had raised in his PCR petition. (*Id*. at Ex. CC at ¶ 5.) The court of appeals determined that the issues raised by Petitioner had not been raised in a timely manner to the trial court because they were not made in his PCR petition but, rather, only were raised in his motion for reconsideration relying upon Ariz. R. Crim. P. 32.9(a) and *State v. Bonnell*, 171 831 P.2d 434, 437 n.3 (App. 1992). (*Id*.) The appeals court held that the trial court did not err in summarily denying Petitioner's motion for reconsideration and refused to address Petitioner's claims on the merits. (*Id*.) Thereafter, Petitioner filed a motion for reconsideration which was rejected. (*Id*. at Exs. DD, EE.) Petitioner's request that the court of appeals stay the issuance of the mandate was also denied. (*Id*. at Ex. GG, HH.)

Special Action Proceedings

While Petitioner's petition for review in the Arizona Court of Appeals was pending, Petitioner filed a special action petition with the Arizona Supreme Court raising five issues stated thusly: (1) "the trial court participated in the plea agreement"; (2) "the trial court imposed a prison sentence no authorized by law in violation of the United States and Arizona Constitution"; (3) "the trial court did not impose sentence according to applicable statutes"; (4) "the prosecutor modified a signed plea agreement removing first time felony sentencing"; and (5) "the trial court found an aggravated sentence by a preponderance of the evidence without the proper required factors." (Doc. 17 at Ex. JJ at pp. 3-4.) The Arizona Supreme Court dismissed Petitioner's special action petition noting his then-pending petition

before the Arizona Court of Appeals and determining that there was "an equally plain, speedy, and adequate remedy by appeal." (*Id.* at Ex. LL.) The Arizona Supreme Court directed Petitioner to file a petition for review if the Arizona Court of Appeals denied review or relief. (*Id.*) Petitioner did not do so. (*Id.* at Ex. UU.)

Second Post-Conviction-Relief Proceedings

Instead, Petitioner filed a motion seeking to withdraw his plea in the state trial court arguing that he should be allowed to withdraw his plea because constitutional error allegedly occurred: (1) "when the State conducted his second interview counsel"; (2) "when Officer Navarette failed to properly Mirandatize (*sic*) defendant, saying 'You can contact a lawyer at anytime (*sic*)'"; and (3) "ineffective assistance of trial counsel for failing to test the State's case at all." (*Id.* at Ex. MM at ¶ 31.) The trial court construed this motion as a second PCR petition. (*Id.* at Ex. NN.) In rejecting it, the trial court held,

> A motion to withdraw a plea of guilty must be made before sentencing. *State v. Honley*, 108 Ariz. 144, 146, 493 P.2d 1201, 1203 (1972). A defendant who fails to file a rule 17.5 motion to withdraw from plea before sentencing is limited to post-conviction relief under Rule 32. *See, State v. Georgeoff*, 163 Ariz. 434, 437, 788 P.2d 1185, 1188 (1990). …
>
> Defendant claims his attorney was ineffective for failing to challenge Defendant's interrogation by a police officer. Defendant participated in a settlement conference in this case and ultimately entered knowing, voluntary, and intelligent pleas of guilty. Defendant waived his right to challenge the police interrogation by his entry of the guilty pleas.
>
> More importantly, the record clearly establishes a factual basis for Defendant's pleas of guilty without even considering his statements to the police officer. The State could have presented overwhelming evidence of guilt at trial apart from Defendant's statements. Defendant was not prejudiced by the decision to waive any issue regarding the interrogation.

- 6 -

> Defendant's current claims are precluded pursuant to Rule 32.2(a), Rules of Crim. Proc. In Defendant's previous [PCR petition] he certified that he was then raising all claims which could be raised. He further certified his understanding that any other claims of which he was then aware could be precluded.

(Doc. 17 at Ex. NN at p. 1.) Petitioner then moved for reconsideration which was denied. (*Id*. at Exs. OO, PP.)

The Petition

Thereafter, on January 7, 2016, Petitioner filed his Petition raising four grounds for relief. (Doc. 1 at pp. 6-8.) In Ground One Petitioner alleges ineffective assistance of trial counsel for counsel's alleged failure to question the admissibility of Petitioner's confession through a motion to suppress. Also in Ground One, Petitioner alleges trial counsel was ineffective for suggesting that one of the counts in his plea agreement be changed from a count that would have entitled him to 85% time to a count that required him to serve 100% flat time. In Ground Two Petitioner alleges his Fifth Amendment right to counsel was violated during his second police interrogation because the formal adversarial process had already begun. Finally, in Ground Three, Petitioner alleges his Sixth Amendment right to counsel during a police interrogation was violated. On March 3, 2016, the district court ordered the Petition served upon Respondent. (Doc. 9.) On July 14, 2016, Respondent filed its Limited Answer to Petition for Writ of Habeas Corpus (Doc. 17.) Petitioner did not file a reply. (*See* Dkt.)

As more fully set forth below, Petitioner is not entitled to habeas relief. As such, this Court recommends the District Court dismiss the Petition.

**The Claims in the Petition are Defaulted**

As mentioned above, the Petition raises four grounds for relief. (Doc. 1 at pp. 6-8.) As explained below, all of the claims raised by Petitioner are procedurally defaulted without excuse. Additionally, as a result of Petitioner's pleading guilty review of one of the ineffective assistance of counsel claims contained in Ground

One, as well as the claims in Grounds Two and Three, are waived.

Exhaustion and Procedural Default

*Exhaustion*: The Petition is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. In order to seek federal habeas relief a state prisoner must allege that he is being held in violation of federal law. 28 U.S.C. § 2254(a). A federal court may not grant habeas relief unless "the applicant has exhausted the remedies available in the court of the state." 28 U.S.C. § 2254(b)(1)(A).

This requirement is designed to give state courts a chance "to resolve federal constitutional claims before those claims are presented to the federal court[.]" *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a claim, a petitioner must "first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Accordingly, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues" by fairly presenting their claims through "one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

With the exception of habeas petitions regarding life-sentences or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas relief once the Arizona Court of Appeals has ruled on them. *Castillo v. McFadden*, 399 F.3d 993, 998 n.3 (9th Cir. 2005); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). A petitioner must present "his federal, constitutional issue before the Arizona Court of Appeals within the four corners of his appellate briefing." *Castillo*, 399 F.3d at 1000. (Additional citation omitted.)

*Default*: If the prisoner fails to fairly present his claim to the state court in a procedurally appropriate manner, the claim is "procedurally defaulted" and barred from federal habeas review. *See, e.g., Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991). There are two categories of procedural default, express and implied.

*Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). Express procedural default operates to bar a federal habeas claim where a state court expressly applied a procedural bar to the prisoner's claim when the prisoner attempted to raise the claim in state court. *See, e.g., Ylst,* 501 U.S. at 802-05. Implied default (also referred to as technical exhaustion) occurs when the prisoner never presented his claim in state court and returning the prisoner to state court to present that claim would be futile under the state's procedural rules. *Teague v. Lane*, 489 U.S. 288, 297-99 (1989).

As stated above, Petitioner pled guilty to three counts of a multi-count indictment. Because of his guilty plea, Petitioner's first PCR petition was an "of-right" proceeding and the functional equivalent of a direct appeal under Arizona law. *State v. Ward*, 118 P.3d 1122, 1125-26, ¶¶ 8-11 (Ariz. App. 2005); *Summers v. Schriro*, 481 F.3d 710, 713 (9th Cir. 2007). As detailed below, Petitioner failed to raise any of the grounds that he would have the Court consider in the instant Petition in his state PCR petition.

Petitioner asserted in his state PCR petition that: (1) he was deprived of his right to due process because his plea divested the court of "its duties to impose the minimum or maximum term," and (2) the trial court breached the plea agreement and erred by ignoring its constitutional duties to impose the proper sentence under [Arizona statute], by failing to mention any aggravating factors during sentencing. (Doc. 17 at Ex. Q.) In the instant Petitioner, Petitioner alleges ineffective assistance of trial counsel (Ground One), a Fifth Amendment right to counsel violation (Ground Two), and a Sixth Amendment right to counsel violation (Ground Three). (Doc. 1 at pp. 6-8.) Petitioner failed to raise these grounds in his state PCR petition. Accordingly, they are procedurally defaulted.

Petitioner's filings subsequent to his initial state PCR petition did not operate to exhaust any of the claims that he asks this Court to consider in his Petition. First, Petitioner's motion for reconsideration filed in the state trial court

was not a proper vehicle for bringing new claims to the state court's attention. *See, e.g., State v. Bonnell*, 831 P.2d 835, 437 n.3 (Ariz. App. 1992) (it is inappropriate for a petitioner to raise new arguments in a motion for rehearing); *Eden v. Ryan*, 2016 WL 1010698 at *15 (D. Ariz. 2016) (claims raised in "various motions for reconsideration, motions to vacate, ungranted motions to amend, etc." do not constitute fair presentment of an issue). Moreover, the three claims Petitioner raised in his motion for reconsideration are different that the three grounds asserted in the instant Petition. *Compare* Doc. 17 at Ex. V at p. 8, *with* Doc. 1 at pp. 6-8.

Second, the claims Petitioner sought to present to the Arizona Court of Appeals in his petition for review also failed to constitute fair presentment as that court's procedural rules prevented it from considering the issues on the merits (as expressly mentioned by the appellate court). *See* Doc. 17 at Ex. CC at ¶ 5 (citing to *State v. Ramirez*, 616 P.3d 924, 928 (App. 1980) (holding that an appellate court will not consider on review any issue on which the trial court did not have an opportunity to rule)). *See also, Castille v. Peoples*, 489 U.S. 346, 351 (1989) (a claim that has been presented to the state courts for the first and only time in a procedural context in which its merit will not be considered is not fair presentation for purposes of the exhaustion requirement).

Third, Petitioner's special action to the Arizona Supreme Court that the state supreme court declined to consider did not exhaust his federal claims. Presenting a claim to the state supreme court in a discretionary petition does not exhaust a claim where the state supreme court declines to consider the claim without comment. *See Chambers v. McDaniel*, 549 F.3d 1191, 1169-97 (9th Cir. 2008) (presenting a claim to the Nevada Supreme Court in a discretionary petition for an "extraordinary writ" does not exhaust the claim if the petition is denied without comment); *Roettgen*, 33 F.3d at 38 (submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation (citing *Castille*, 489 U.S. at 351)). Moreover,

Petitioner did not raise the claims that he raises now in the Petition with the state supreme court.

Fourth, Petitioner's motion to withdraw his plea did not operate to exhaust the claims he asserts in his Petition. While the claims Petitioner made in his second state PCR petition are similar to those he makes in the instant Petition, the state court expressly determined that Petitioner's claims in his second state PCR petition were precluded from its review by Rule 32.2(a) of the Arizona Rules of Criminal Procedure.

In sum, Petitioner failed to give the state courts a full opportunity to resolve any constitutional issues by fairly presenting his claims through one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. Petitioner cannot now return to state court in an effort to exhaust his claims as his claims would be barred under state procedural rules. *See*, *e.g*., Ariz. R. Crim. P. 32.2(a)(3); Ariz. R. Crim. P. 32.4(a); *State v. Rosario*, 987 P.2d 226, 228 (Ariz. App. 1999) (unexcused, untimely post-conviction petitions must be "summarily dismissed").

Accordingly, Petitioner's claims in his Petition are procedurally defaulted and precluded from federal habeas review. *Ylst*, *supra*.

**The Default Cannot be Excused**

A procedural default may be excused only if the petitioner demonstrates either (1) cause for the default and prejudice resulting from the default, or (2) a fundamental miscarriage of justice by showing that he is actually innocent. *Coleman*, 501 U.S. at 750; *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). A petitioner must show both cause and prejudice before this Court may excuse a default. *Engle v. Isaac*, 456 U.S. 107, 134, n.43 (1982). To establish "cause," a petitioner must demonstrate that "some objective factor external to the defense impeded [petitioner]'s efforts to comply with the State' procedural rules." *Coleman*, 501 U.S. at 753. (Internal quotations omitted.) To show "prejudice," a

petitioner must demonstrate that the underlying alleged constitutional violation worked to the prisoner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Here, Petitioner has failed to *allege* that cause and prejudice for the default exist much less *establish* the existence of both cause and prejudice. There is no indication in the record that any external factor prevented Petitioner from exhausting his claims in state court. Nor is there any indication in the record that any alleged constitutional violation worked to Petitioner's actual and substantial disadvantage. In sum, there is nothing from which the Court can conclude that Petitioner's default may be excused under the cause-and-prejudice framework.

To demonstrate a "fundamental miscarriage of justice," a petitioner must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). This standard "is demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006). (Internal quotations omitted.) Petitioner here does not claim innocence.

In sum, Petitioner's claims are procedurally defaulted and there is no basis from which the Court can conclude that the default may be excused.

**Grounds Two, Three and a Portion of Ground One are Waived**

Even if all of Petitioner's claims were not procedurally defaulted (and as set forth above all of Petitioner's claims *are* procedurally defaulted), one of Petitioner's ineffective assistance of counsel claims in Ground One as well as Petitioner's claims in Grounds Two and Three were waived when Petitioner plead guilty.

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *United States v. Broce*, 488 U.S. 563, 574 (1989) (Internal

punctuation omitted.) Petitioner can challenge the voluntariness of the plea or counsel's advice regarding the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was ineffective.); *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004) ("Because [petitioner] pleaded guilty upon the advice of counsel, he is limited to challenging his plea by demonstrating that the advice he received from counsel did not constitute effective representation.").

Here, as mentioned above, one of Petitioner's contentions in Ground One is that his trial counsel was ineffective for failing to challenge the admissibility of his confession. (Doc. 1 at p. 6.) In Ground Two Petitioner alleges his Fifth Amendment right to counsel was violated during an interrogation that took place after the formal adversarial process had begun. (*Id.* at p. 7.) In Ground Three, Petitioner claims his Sixth Amendment right to counsel during his interrogation was violated. (*Id.* at p. 8.) As demonstrated by the case law set out above, because Petitioner pleaded guilty these claims have been waived and are precluded from habeas review.

**Recommendation**

Based on the foregoing, the Magistrate Judge recommends the District Court **DISMISS** the Petition for Writ of Habeas Corpus.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed

waived. If objections are filed, the parties should use the following case number: **16-CV-00012-RM**.

Dated this 17th day of November, 2017.

_____
Honorable D. Thomas Ferraro
United States Magistrate Judge