# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heriberto F Catarino, | No. CV-16-00012-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

Petitioner Heriberto F. Catarino, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 7, 2016. (Doc. 1.)[1] Respondents filed a Limited Answer on July 14, 2016. (Doc. 17.) On November 17, 2017, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation (Doc. 24), recommending that Petitioner's § 2254 Petition be dismissed. On December 21, 2017, Petitioner filed Objections (Doc. 27) to the Report and Recommendation. Respondent responded to the Objections on January 4, 2018. (Doc. 28.) On January 9, 2018, Petitioner filed a Motion for Leave to File Reply to State's Response. (Doc. 29.)

**I.    Standard of Review**

A district judge must "make a de novo determination of those portions" of a

---

[1] On July 7, 2017, Petitioner filed another § 2254 Petition. (Doc. 18.) Judge Ferraro construed the new § 2254 Petition as a motion to amend and, so construed, denied the motion because allowing the proposed amended petition would be futile. (Doc. 23.)

magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

**II. Discussion**

Judge Ferraro's Report and Recommendation finds that the claims in Petitioner's § 2254 Petition are procedurally defaulted and that Petitioner has failed to establish cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. (Doc. 24 at 7-12.)[2] The Report and Recommendation further finds that several of Petitioner's ineffective assistance of counsel claims were waived when Petitioner pled guilty. (*Id.* at 12-13.) Accordingly, Judge Ferraro recommends that the § 2254 Petition be dismissed. (*Id.* at 13.)

Although Petitioner purports to object to all of Judge Ferraro's recommendations (Doc. 27 at 1), his Objections fail to specifically address any of the findings or legal conclusions of Judge Ferraro's Report and Recommendation. Instead of making specific objections to Judge Ferraro's findings and recommendations, Petitioner makes arguments regarding alleged defects in his state-court proceedings and summarizes the claims asserted in his § 2254 Petition. Petitioner argues: (1) that he was denied an evidentiary hearing on his Rule 32 Petition for Post-Conviction Relief; (2) that he was deprived of the right to present mitigating evidence at his sentencing hearing; (3) that the trial court

---

[2] All record citations refer to the page numbers generated by the Court's electronic filing system.

- 2 -

failed to cite aggravating factors to justify Petitioner's sentence; (4) that the trial court did not allow Petitioner to present mitigating evidence; (5) that trial counsel rendered ineffective assistance by failing to move to suppress Petitioner's confession; (6) that trial counsel rendered ineffective assistance by suggesting that one of the counts in Petitioner's plea agreement be changed; (7) that Petitioner's "Fifth Amendment right to counsel was violated during his second police interrogation because the formal adversarial process had already begun"; (8) that Petitioner's "Sixth Amendment right to counsel during a police interrogation was violated"; and (9) that sentencing errors in his case "amplify each other." (Doc. 27 at 2-3.) Petitioner concludes by arguing that his sentencing was fundamentally unfair and should be vacated. (*Id.* at 4.) Petitioner does not make any arguments regarding procedural default or waiver, even though Judge Ferraro recommended dismissal based on procedural default and waiver.

Rule 72 of the Federal Rules of Civil Procedure allows a party to "serve and file *specific written objections*" to a magistrate judge's "proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). Objections that do not explain the source of alleged error but instead object generally to the entirety of a magistrate judge's report have "'the same effect as would a failure to object.'" *Warling v. Ryan*, No. CV 12-01396-PHX-DGC (SPL), 2013 WL 5276367, at *2 (quoting *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991)).

The Court has reviewed Judge Ferraro's Report and Recommendation, the parties' briefs, and the record. The Court agrees with Judge Ferraro's finding that the claims raised in Petitioner's § 2254 Petition are procedurally defaulted and that Petitioner has not established cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. The Court also agrees with Judge Ferraro's finding that one of the ineffective assistance of counsel claims asserted in Ground One of the § 2254 Petition, as well as the claims in Grounds Two and Three, were waived when Petitioner pled guilty.

**III. Motion for Leave to File Reply to State's Response to Objections**

As noted above, on January 9, 2018, Petitioner filed a Motion for Leave to File

Reply to State's Response to Petitioner's Objections to Magistrate Judge's Report and Recommendation. (Doc. 29.) In the Motion, Petitioner argues that "[t]he State's Response fails to recognize the Petitioner's specific written arguments . . . as a cumulative error on the part of the State; and such cumulative error rendered Catarino's sentence fundamentally unfair. Thus, his sentence must be vacated and the case remanded for resentencing." (*Id.* at 1-2.)

It is not clear whether Petitioner is seeking leave to make the arguments contained in the Motion for Leave, or whether he is requesting leave to file an additional document. To the extent Petitioner is seeking leave to file an additional document, the Court will deny that request. The Court has considered the arguments contained in Petitioner's Motion for Leave, but those arguments—like Petitioner's Objections—entirely fail to address the issues of procedural default and waiver, even though Judge Ferraro's recommendation that the § 2254 Petition be dismissed is premised on findings of procedural default and waiver.

**IT IS ORDERED** that Petitioner's Motion for Leave (Doc. 29) is **partially granted and partially denied**. The Court has considered the arguments raised in the Motion, but the Motion is denied to the extent it seeks leave to file an additional document.

**IT IS FURTHER ORDERED** that Judge Ferraro's Report and Recommendation (Doc. 24) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **dismissed**. The Clerk of Court is directed to enter judgment accordingly and close this case.

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 12th day of January, 2018.

_____
Honorable Rosemary Márquez
United States District Judge