WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heriberto F Catarino,<br><br>    Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-16-00012-TUC-RM<br><br>**ORDER** |

On January 16, 2018, this Court dismissed Petitioner Heriberto F. Catarino's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 after finding that Petitioner's claims were procedurally defaulted and that Petitioner had failed to establish cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. (Doc. 30.) Pursuant to this Court's Order (Doc. 30), the Clerk of Court entered judgment and closed this case (Doc. 31).

Currently pending before the Court is Petitioner's Motion for Reconsideration (Doc. 32). In the Motion, Petitioner argues that "the matter of 'cumulative error' was not addressed as a separate and distinct ground that, collectively, supersedes its component grounds which were procedurally defaulted." (*Id.* at 1.)

**I.     Standard of Review**

Motions for reconsideration should be granted only in rare circumstances. *See Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly

discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv 7.2(g) (motions for reconsideration will ordinarily be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence"). Motions for reconsideration should not be used for the purpose of asking a court "to rethink what the court had already thought through—rightly or wrongly." *Defenders of Wildlife*, 909 F. Supp. at 1351 (internal quotation marks omitted); *see also* LRCiv 7.2(g) (motions for reconsideration shall not "repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order"). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

**II. Discussion**

Because Petitioner's § 2254 Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this case is governed by AEDPA. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001).

A § 2254 petition subject to AEDPA cannot be granted unless it appears that (1) the petitioner has exhausted all available state-court remedies, (2) there is an absence of available state corrective process, or (3) state corrective process is ineffective to protect the rights of the petitioner. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (discussing exhaustion requirement). A claim is considered procedurally defaulted and thus precluded from federal review if (1) the claim was not presented in state court and no state remedies are currently available because the court to which the petitioner would be required to present the claim in order to meet the exhaustion requirement would find the claims procedurally barred under state law, or (2) the petitioner raised the claim in state court but the state court rejected the claim based on "independent" and "adequate" state procedural grounds. *See Coleman*, 501 U.S. at 729-

32, 735 n.1. Federal courts will consider a procedurally defaulted claim only if the petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice. *Id.* at 750. To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate prejudice, a petitioner must show that the constitutional violations alleged in his § 2254 Petition "worked to his actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis omitted). To establish that a fundamental miscarriage of justice would occur if a claim were not heard on the merits in federal court, a petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

In its January 16, 2018 Order, this Court found that Petitioner's claims were procedurally defaulted and that Petitioner had failed to establish cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. (Doc. 30 at 3; *see also* Doc. 24 at 7-12.) The arguments in Petitioner's Motion for Reconsideration concerning cumulative error do not affect the Court's conclusion that Petitioner's claims are procedurally defaulted. Petitioner cites *United States v. Preston*, 873 F.3d 829 (9th Cir. 2017) for the proposition that the Ninth Circuit has recognized "cumulative error . . . as a legitimate ground to vacate a sentence or conviction even though the cumulative error, itself, is comprised of lesser errors which are procedurally defaulted." (Doc. 32 at 1-2.) Contrary to Plaintiff's characterization of the opinion, *Preston* does not address the issue of procedural default. In *Preston*, the Ninth Circuit reversed a federal conviction because the cumulative effect of trial errors prejudiced the defendant. 873 F.3d at 846. AEDPA's exhaustion requirements do not apply to direct appeals of federal convictions, and thus the Ninth Circuit did not address those requirements in *Preston*. AEDPA's exhaustion requirements *do* apply to Petitioner's § 2254 claims, and Petitioner does not dispute that his claims are procedurally defaulted. Petitioner's arguments about cumulative error do not demonstrate cause and prejudice or a miscarriage of justice to

excuse the procedural default of his claims.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (Doc. 32) is **denied**. This case is to remain closed.

Dated this 31st day of January, 2018.

_____
Honorable Rosemary Márquez
United States District Judge